IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ENLOE MEDICAL CENTER,

      Plaintiff,                                   No. CIV S-10-2227 KJM-DAD

      vs.

PRINCIPAL LIFE INSURANCE COMPANY,

      Defendant.                             <u>ORDER</u>

/

         On December 20, 2011, this court issued an order denying defendant's motion for summary judgment in full. (ECF 41.) On January 17, 2012, defendant moved to amend the judgment under Federal Rule of Civil Procedure 59(e), or alternatively, for reconsideration under Rule 60. (ECF 43.) Absent a final judgment or order, amendment under Rule 59(e) or reconsideration under Rule 60 is inappropriate. *See City of L.A. v. Santa Monica BayKeeper*, 254 F.3d 882, 886 (9th Cir. 2001) ("A district court's power to rescind, reconsider, or modify an interlocutory order is derived from the common law, not from the Federal Rules of Civil Procedure."); *Trujillo v. Board of Educ. of Albuquerque Public Schools*, 229 F.R.D. 232 (D.N.M. 2005) ("Rule 59(e) and 60(b) [] apply only to final judgments.").

/////

/////

1

1   Nevertheless, the court will construe the motion as based on defendant's passing
2 reference to Local Rule 230(j). (*See* ECF 43-1 at 1). "In seeking reconsideration of an order, Local
3 Rule 230(j) requires [the movant] to show 'what new or different facts or circumstances are claimed
4 to exist which did not exist or were not shown upon such prior motion, or what other grounds exist
5 for the motion.'" *Frazier v. Lopez*, No. 1:10–CV–01656–LJO–MJS PC, 2012 WL 761602, at *1
6 (E.D. Cal. Mar. 6, 2012) (quoting Local Rule 230(j)). "A motion for reconsideration should not be
7 granted, absent highly unusual circumstances, unless the district court is presented with newly
8 discovered evidence, committed clear error, or if there is an intervening change in the controlling
9 law." *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir.1999). Here, defendant
10 seeks relief from its previous failure to properly support the factual basis of its summary judgment
11 motion through a motion for reconsideration. The applicability of ERISA is a fact that was available
12 to defendant at the time of the previous motion; it simply failed to present that fact in conjunction
13 with its motion so as to require the court's resolution. This offering does not qualify as newly
14 discovered evidence. The second basis for relief is a rerun of a legal argument the court already
15 decided.  The court does not find its prior ruling to be clearly erroneous. Defendant's motion is
16 therefore DENIED.
17   IT IS SO ORDERED.
18 DATED: March 20, 2012.

_____
UNITED STATES DISTRICT JUDGE

2